10-5023-ag
Balde v. Holder

BIA
Bukszpan, IJ
A077 563 400

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

MAMADU A. BALDE,
>      *Petitioner,*

>      v.                                     10-5023-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Erin Edward VanValkenburg,
                         Pittsburgh, PA

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Linda S. Wernery, Assistant
                         Director; Gregory M. Kelch,
                         Attorney, Civil Division, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Mamadu A. Balde, a native and citizen of Sierra Leone, seeks review of an October 29, 2010, decision of the BIA affirming the November 18, 2008, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadu A. Balde*, No. A077 563 400 (B.I.A. Oct. 29, 2010), *aff'g* No. A077 563 400 (Immig. Ct. N.Y. City Nov. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). "The substantial evidence standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin*

2

*Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks and citations omitted). "By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Id.* (internal quotation marks and brackets omitted). *See also* 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, we lack jurisdiction to review the agency's pretermission of Balde's asylum application, as 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Balde disputes only the correctness of the IJ's factual finding regarding his date of arrival; thus, he has failed to raise a question of law over which we could exercise jurisdiction, and we dismiss the petition for review insofar as it challenges the finding of untimeliness. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006).

With respect to withholding of removal and CAT relief, substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on inconsistencies between Balde's written application and his

3

testimony regarding when he entered the United States.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Although Balde's written application indicated that he had never entered the United States prior to 1999, he conceded during his hearing that he was arrested in the United States in 1997.  Moreover, a reasonable factfinder would not have been compelled to credit Balde's explanations for this inconsistency.  *See id.* at 80-81.  Having questioned Balde's credibility, the IJ reasonably relied further on Balde's failure to provide reliable evidence corroborating his assertion that he returned to Sierra Leone in 1997.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).  Because the claims for withholding of removal and CAT relief were based on the same factual predicate, the well-supported adverse credibility finding warranted denial of both forms of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk